Alfonso de Cumpiano, Juez Ponente
*1148 TEXTO COMPLETO DE LA SENTENCIA
El Municipio de Vieques solicita la revocación de la sentencia sumaria emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, mediante la cual se desestimó su demanda contra el Estado Libre Asociado de Puerto Rico y el Contralor de Puerto Rico. Alega que erró el tribunal al resolver sumariamente la demanda, cuando no mediaron los requisitos procesales al respecto y al concluir que no se le planteó una controversia justiciable.
Entendemos que el Tribunal actuó correctamente en el dictamen, por lo que procede se confirme.
I
La controversia surge ante un informe de auditoría de la Oficina del Contralor que incluyó opiniones sobre diversos asuntos, entre éstos, que la Corporación para el Desarrollo Económico y Futuro de la Isla Nena (Codefin) no debió haber recibido fondos del Municipio de Vieques. Recomendó el Contralor en el informe que dicho Municipio debía abstenerse de conceder recursos a Codefin hasta que ésta no se convirtiera en una corporación especial para el desarrollo municipal, conforme lo establecido en la Ley Núm. 81 de 30 de agosto de 1991, Ley de Municipios Autónomos de Puerto Rico.
El Municipio de Vieques instó demanda de sentencia declaratoria para que el tribunal determinara que Codefin no tiene que convertirse en una corporación especial, y que está facultada para mantener una relación contractual con el municipio, contrario a lo expresado por el Contralor en el informe de auditoría.
La Oficina del Contralor solicitó se dictara sentencia sumaria, explicando el alcance no adjudicativo del informe y describiendo la demanda como una solicitud de opinión consultiva. El municipio contestó alegando que las conclusiones del informe respecto a Codefin son erróneas como cuestión de hecho y de derecho.
En sentencia debidamente fundamentada, el tribunal dictó sentencia sumaria a favor del Contralor. El Municipio apelante replantea sus argumentos ante este Tribunal. Como se explica más adelante, éstos son improcedentes.
II
En primer lugar, no erró el tribunal al utilizar el mecanismo provisto por la Regla 36 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, para desestimar la demanda. Esta, como es conocido, permite se dicte sentencia sumaria cuando el promovente demuestre que no hay controversia real sustancial en cuanto a ningún hecho material y que como cuestión de derecho, procede el dictamen sumario a su favor. Su propósito es evitar que continúen en el sistema judicial pleitos en los que realmente no existe controversia, y que dilatan y entorpecen innecesariamente el trámite de otros casos meritorios.
Surge claramente de los documentos que los hechos objeto de la demanda consisten en la actuación del Contralor al emitir el informe en cuestión, independientemente de su contenido. La demanda no expone reclamo sobre infracción de derechos del Municipio de Vieques y éste acude en solicitud de que se declare la naturaleza jurídica de Codefin, una entidad que alega es privada.
Así, pues, no hay controversia en cuanto a que el asunto a dilucidar era una actuación de recomendación del Contralor, instada por el Municipio de Vieques, en nombre de una corporación alegadamente privada. La determinación de la facultad del tribunal para entrar en esa actuación procedía previo a cualquier otro planteamiento sobre lo expuesto en el informe. Por tanto, si como cuestión de derecho procedía la sentencia sumaria ante la naturaleza de la demanda, no había controversia adicional de los hechos que dilucidar.
Estrechamente ligado a lo anterior están las determinaciones de derecho respecto a que procedía la desestimación sumaria. El tribunal expresó los requisitos para que exista legitimación activa para demandar, consistentes sucintamente en: daño claro y palpable, real e inmediato y no abstracto, causa bajo la Constitución o ley y conexión entre el daño alegado y la causa. P.P.D. v. Rosselló, _ D.P.R. *1149 _ (1995), 95 J.T.S. 165, pág. 422. Señaló con precisión las funciones constitucionales y legales de la Oficina del Contralor y el alcance de los informes de auditoría emitidos al amparo de esas fuentes. Concluyó, luego de exponer el derecho aplicable, que las funciones del Contralor no son de naturaleza adjudicativa en su tarea de fiscalizar el uso de fondos públicos y propiedades públicas, sino investigativas e informativas. Por tanto, sus informes no tienen el efecto de alterar el status jurídico de las personas a que se refieren.
La sentencia apelada discute también la doctrina jurisprudencial respecto a que los tribunales sólo pueden entender en pleitos donde existan controversias genuinas entre partes opuestas, con interés real en obtener un remedio que afecte sus relaciones jurídicas. Esto es, un pleito tiene que ser justiciable para que el tribunal actúe y entre las situaciones que excluyen esa condición está la petición de una opinión consultiva. E.L.A. v. Aguayo, 80 D.P.R. 552 (1958), y amplia jurisprudencia posterior.
No erró el tribunal al determinar que en este caso el Municipio de Vieques pretendió obtener una opinión consultiva del tribunal, asunto que no es justiciable. Se basa realmente la demanda en una diferencia de opinión del Municipio, que reclama que Codefin es una entidad privada, sin fines de lucro, independiente del Municipio, con la opinión del Contralor, que recomienda se convierta en corporación especial para poder recibir fondos y recursos municipales.
Ni la causa, ni el daño alegado por el Municipio basado en la publicación del informe, cumplen con los requisitos del daño claro, palpable, no abstracto, al amparo de ley y conexión entre el alegado daño y la causa.
Por el contrario, en este caso están presentes todos los requisitos para desestimar la demanda. La diferencia de opinión con el Contralor en que se basa, las consecuencias reales del informe investigativo en cuestión, la ausencia de los requisitos de legitimación activa para demandar y el carácter de opinión consultiva del reclamo, respaldan ampliamente la desestimación decretada.
III
En virtud de todo lo anterior, se confirma la sentencia sumaria.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General